UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL DESHAWN DAVIS,

        Petitioner,                  Case Number: 05-CV-74048

v.                                      HONORABLE PATRICK J. DUGGAN

GERALD HOFBAUER,

        Respondent.
_____/

## AMENDED OPINION & ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on June 20, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Darnell DeShawn Davis filed a *pro se* petition for a writ of habeas corpus. Petitioner failed to pay the $5.00 filing fee or an application for leave to proceed *in forma pauperis*. The Court issued an Order to Correct Deficiency, which directed Petitioner to submit the $5.00 filing fee or an application for leave to proceed *in forma pauperis* by November 23, 2005. On December 9, 2005, Petitioner had not corrected the deficiency and the Court, therefore, issued an Opinion and Order dismissing the petition without prejudice. Now before the Court are Petitioner's Motions for Reconsideration.

Petitioner seeks reconsideration on the ground that he gave his application for leave to proceed *in forma pauperis* to prison officials for mailing on November 10, 2005.

The Sixth Circuit Court of Appeals has held that the prison mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) applies to habeas corpus petitions.  Marshall v. Tyszkiewicz, 2000 WL 924483 (6th Cir. June 28, 2000).  *See also* Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E. D. Mich. 2001).  Under the prison mailbox rule, a habeas petition is considered filed when it is given to a prison official for mailing.  Id.  Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas corpus petition to prison officials for mailing on the date that he signed it.  Id.  In addition to applying the mailbox rule to the filing of habeas petitions, federal courts, including the Sixth Circuit Court of Appeals, have applied the rule to other prisoner filings.  *See* McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (holding the mailbox rule applies to motion for extension of time to correct filing deficiency); Walker v. City of Lakewood, 35 F.3d 567 (table), 1994 WL 462137 (6th Cir. Aug. 25, 1997) (applying rule to objections to magistrate's report and recommendation).  Petitioner signed and dated his application for leave to proceed *in forma pauperis* on November 10, 2005.  Thus, the Court concludes that, applying the prison mailbox rule, Petitioner timely corrected the deficiency in this matter, and shall grant Petitioner's motion for reconsideration.  The Court also shall grant Petitioner's application to proceed *in forma pauperis*.

Accordingly, **IT IS ORDERED** that Petitioner's Motions for Reconsideration [Dkt. # 6 & # 8] are **GRANTED** and the habeas corpus proceeding is reopened.

**IT IS FURTHER ORDERED** that the petition to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ of habeas corpus on or before **October 30, 2006.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

DATED: June 20, 2006
To:
Darnell Davis
#245064
Industrial Park Dr.
PO Box 600
Munising,  MI 49862