UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL DESHAWN DAVIS,

       Petitioner,

v.                                Case No. 05-74048

GERALD HOFBAUER,              Honorable Patrick J. Duggan

       Respondent.

_____/


**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 12, 2007.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Darnell Deshawn Davis ("Petitioner"), presently incarcerated at the Ionia Maximum

Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging three sets of convictions rendered in

Oakland County: (1) breaking and entering a coin-operated device, MICH. COMP. LAWS §

752.811; (2) second-degree home invasion, MICH. COMP. LAWS § 750.110A3; and (3)

breaking and entering, MICH. COMP. LAWS § 750.110.  On October 30, 2006, Respondent

filed a Motion for Summary Judgment, contending that the petition was not timely filed.

For the reasons that follow, the Court determines that the petition was not timely filed and

dismisses the petition with prejudice.

I.    **Background**

      Petitioner challenges three separate convictions arising out of Oakland County.[1]  All

three convictions were the result of pleas.  Petitioner was sentenced for breaking and

entering a coin-operated machine and second-degree home invasion on the same date,

August 22, 1995.  He was sentenced as a fourth habitual offender to two to fifteen years

for the breaking and entering a coin-operated machine conviction, *People v. Davis*, No.

94-135088 (Oakland County Circuit Court), and three to twenty-five years for the second-

degree home invasion conviction.  *People v. Davis*, No. 95-140138 (Oakland County

Circuit Court).  On May 2, 1996, Petitioner was sentenced to two to twenty years for a

breaking and entering conviction, this sentences was also enhanced by Petitioner's

designation as a fourth habitual offender.  *People v. Davis*, 94-131622 (Oakland County

Circuit Court).

      Petitioner did not file an appeal of right or an application for leave to appeal from

any of these convictions in the Michigan Court of Appeals.  (*See* Affidavit of Sandra

Schultz Mengel, Chief Clerk, Michigan Court of Appeal, Oct. 4, 2006).

      In case number 94-131622, Petitioner filed a motion for relief from judgment on

August 2, 2004.  That motion was denied on July 29, 2005.  *People v. Davis*, No. 94-

131622 (Oakland County Circuit Court July 29, 2005).

      On December 21, 2004, Petitioner filed a motion for relief from judgment

---

[1]Petitioner may properly challenge multiple convictions in one federal habeas petition where, as here, the convictions were entered by the same court.  *See* Rule 2(e), Rules Governing Section 2254 Cases.

challenging all three convictions.[2]  In case number 95-140138, the circuit judge denied

the motion and advised Petitioner that if he wished to file a motion for relief from

judgment challenging the other convictions he had to do so by separate motion.  *People v.*

*Davis*, No. 95-140138 (Oakland County Circuit Court Feb. 16, 2005).  In case number

94-135088, the record indicates that the Court did not dispose of Petitioner's motion for

relief from judgment.  In the same case, Petitioner filed a motion to withdraw his guilty

plea and the court denied the motion on February 2, 2006.  Again, in case number 94-

135088, Petitioner filed a motion for reconsideration, which was denied on May 26, 2006.

Petitioner did not properly file an application for leave to appeal from the denial of

his motions for relief from judgment in any of the three cases.[3]

Petitioner filed the pending petition on October 21, 2005.

## II.   Petitioner's Motions

Petitioner has filed a Motion for Oral Argument.  The Court determines that oral

argument is not necessary at this time for a fair adjudication of the petition.  E.D. Mich.

L.R. 7.1(e)(1).

Also before the Court is Petitioner's Request to Amend Petition for Writ of Habeas

Corpus.  Petitioner seeks to amend his petition because he was transferred from

Marquette Branch Prison to Ionia Correctional Facility after his first petition was filed.

---

[2]As indicated by the record, this motion was filed in case numbers 94-135088 and 95-140138 only.

[3]Petitioner attempted to file a brief in opposition to a prosecutor's appeal in the Michigan Court of Appeals.  The brief was returned without filing to Petitioner because no appeal or original action was pending in the court at the time the brief was filed.  (*See* 8/19/05 Letter from Scott Newfer, Assistant Clerk of Court, Michigan Court of Appeals, attached to petition).

Petitioner seems to be concerned with whether the original petition properly asserted that subject matter jurisdiction, personal jurisdiction, and venue were proper in the Eastern District of Michigan. Because the Court believes the filing of the original petition was untimely and the new petition does not correct this deficiency, the Court will deny Petitioner's Request to Amend.

Petitioner has also filed a Motion for the Production of Transcripts and Court Public Records. The Court finds that the state court record filed by Respondent is sufficient for a fair adjudication of the question of the timeliness of the petition. The Court finds production of additional court records unnecessary.

Petitioner has also filed a Motion to Vacate Plea of Guilty. Because the Court determines that the petition was not timely filed, the Court will deny the Motion to Vacate Plea of Guilty.

Finally, Petitioner has filed a Motion for Reconsideration[4] of Court's September 6, 2006 Order denying, without prejudice, Petitioner's Motion to Appoint Counsel. Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[4]The motion is actually entitled "Motion of Objection to Order of Denying Motion of Appointment of Counsel Without Prejudice." (*See* Docket No. 20).

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

The Court continues to believe that the appointment of counsel is unnecessary in this case. Therefore, the Court denies Petitioner's Motion for Reconsideration because he fails to show that the Court was misled by a "palpable defect."

## III.  Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

In addition, the time during which a prisoner seeks collateral review of a conviction

5

does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitioners the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003)(en banc).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's judgments of sentence in case number 94-135088 and 95-140138 were entered on August 24, 1995.  Petitioner did not file direct appeals of these convictions.  His convictions, therefore, became final on August 24, 1996, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired.  *See* Michigan Court Rule 7.205(F).  The one-year limitations period applicable to habeas corpus petitions commenced on August 25, 1996, and continued to run, uninterrupted, until August 25, 1997.  Petitioner sought state collateral review of his convictions by filing a motion for relief from judgment in the trial court.  However, Petitioner's motion for relief from judgment in these cases was not filed until December 21, 2004, over eight years after the limitations period already expired.

Petitioner's judgment of sentence in case number 94-131622 was filed on May 7, 1996.  Again, he did not file a direct appeal of his conviction; therefore, the conviction became final on May 7, 1997.  *See id.*  Petitioner filed a motion for relief from judgment in this case, but did not file it until August 2, 2004, over seven years the expiration of the

6

limitations period; therefore, it did not serve to toll the limitations period.

Consequently, the petition is untimely. Petitioner does not argue that he is entitled to equitable tolling of the limitations period, and the Court discerns no basis for such an argument.

**IV.** <u>**Conclusion**</u>

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Oral Argument, Motion for the Production of Transcripts and Court Public Records, Request to Amend Petition for Writ of Habeas Corpus, Motion to Vacate Plea of Guilty, and Motion for Reconsideration are **DENIED**;

**IT IS FURTHER ORDERED**, that Respondent's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Darnell Deshawn Davis
245064
Ionia Maximum Correctional Facility
1576 W. Bluewater Highway
Ionia, MI 48846

Brad H. Beaver, Esq.